\*\* NOT FOR PRINTED PUBLICATION \*\*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| PERRY BONIN, et al., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | CIVIL ACTION No. 1:16-CV-171 |
| v. | § | |
| | § | JUDGE RON CLARK |
| SABINE RIVER AUTHORITY OF TEXAS, | § | |
| et al., | § | |
| | § | AFC |
| *Defendants*. | § | |

**ORDER GRANTING MOTION TO REMAND**

Plaintiffs Perry Bonin and approximately 455 other property owners hold land that was allegedly flooded by Defendants Sabine River Authority of Texas (SRA-Texas) and Sabine River Authority of Louisiana (SRA-Louisiana) opening nine spillway gates on the Toledo Bend Dam. Plaintiffs have brought takings claims against Defendants solely under the Louisiana and Texas constitutions. Since Plaintiffs' claims are not based on federal law, the court REMANDS the suit to the 163rd District Court of Orange County, Texas.

**I. BACKGROUND**

The following facts are assumed true for the purposes of this Order. The Sabine River runs along the border between the States of Texas and Louisiana. The Toledo Bend Project spans the Sabine River and includes a reservoir, dam, and spillway that are co-managed by SRA-Texas and SRA-Louisiana.

On October 14, 1963, the Federal Energy Regulatory Commission (FERC) issued a license for the construction of the Toledo Bend Project pursuant to the Federal Power Act (FPA).

1

The primary purposes of the license were power generation and water conservation. The project was not licensed for flood control.

In 1999, property owners downstream of the Project, including some of the Plaintiffs in this suit, petitioned FERC to modify operations on the Toledo Bend Project to include flood control measures. After reviewing studies by the United States Corp of Engineers, historical flood data, and other data, FERC concluded that the Toledo Bend Project did not adversely affect downstream flood levels during storm events.

In 2008, SRA-Texas and SRA-Louisiana began a relicensing process for the Toledo Bend Project. Again, several downstream property owners requested changes to the Toledo Bend Project to address any potential contributions the Project may have to downstream flooding during storm events. FERC concluded that the Project did not adversely contribute to downstream flooding. FERC further concluded that the Project, despite not being built for flood control, incidentally reduced any downstream flooding during storm events and that imposing flood control measures under the license would be contrary to the public interest.

In the beginning of March 2016, a rainstorm struck the area surrounding the Toledo Bend Project. In reaction to this rainstorm, on March 9, 2016, SRA-Texas and SRA-Louisiana opened nine spillway gates. This caused the release of approximately 200,000 cubic feet of water per second. Defendants assert that the opening of the spillway gates was required under the FERC license.

Claiming that the opening of the spillway gates caused excessive flooding of their property, on April 20, 2016, Plaintiffs filed their Original Petition in the 163rd Judicial District of Orange County, Texas. DOC. # 1-3, pg. 35. Plaintiffs' sole claims were for unconstitutional

takings under both the Texas and Louisiana Constitutions. On May 25, 2016, Plaintiffs filed their First Amended Petition. The only change was the addition of multiple new Plaintiffs.

On May 26, 2016, SRA-Louisiana entered a special appearance and filed a motion to dismiss in the state court, arguing that it was an agency of the State of Louisiana and that it may only be sued in Louisiana state courts.[1] On that same day, SRA-Texas removed Plaintiffs' suit to this court, without the consent of SRA-Louisiana,[2] arguing that federal question jurisdiction exists. Plaintiffs filed the present Motion to Remand.

## II. DISCUSSION

SRA-Texas argues that federal question exists because Plaintiffs' claims necessarily require an in-depth analysis of the FPA as well as a review of FERC's actions and conclusions during the licensing of the Toledo Bend Project. When deciding whether federal question exists over a claim, the court follows the well-pleaded complaint rule. *Elam v. Kan. City S. Ry.*, 635 F.3d 796, 803 (5th Cir. 2011). "Under the well-pleaded complaint rule, a federal court does not have federal question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint." *Id.*

In this case, Plaintiffs only bring takings claims under the Texas and Louisiana constitutions. SRA-Texas has not argued that Plaintiffs' claims under the Louisiana constitution give rise to federal question. The required elements for a taking claim under the Louisiana constitution appear to be similar to the requirements for a taking claim under the Texas

---

[1] Since that time, SRA-Louisiana has not participated in this suit in any way and has not responded to Plaintiffs' Motion. SRA-Louisiana did not appear at the July 21, 2016 Case Management Conference nor has it re-urged any of the motions it made in state court.

[2] Plaintiffs argue that the case should be remanded because SRA-Louisiana did not consent to the removal. Since the court concludes that federal question jurisdiction does not exist at this time, the court does not address Plaintiffs' consent arguments.

constitution. *See Suire v. Lafayette City-Parish Consol. Gov't*, 907 So. 2d 37, 60 (La. 2005). The court therefore only analyzes whether federal question exists over Plaintiffs' claims under the Texas constitution.

To be successful on their claims under the Texas constitution, Plaintiffs must prove that Defendants "intentionally took or damaged [Plaintiffs'] property for public use, or [were] substantially certain that would be the result." *Harris Cty. Flood Control Dist. v. Kerr*, -- S.W.3d --, 2016 WL 3418246, at *4 (Tex. 2016) (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 808 (Tex. 2005)). The Texas courts have largely focused on the mens rea of the governmental entity, requiring that the "governmental entity knows that a specific act is causing identifiable harm or knows that the harm is substantially certain to result." *Tarrant Reg'l Water Dist. v. Gragg*, 151 S.W.3d 546, 555 (Tex. 2004). Plaintiffs must also show that the flooding of their property was proximately caused by Defendants' actions. *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 482–83 (Tex. 2012).

SRA-Texas argues that to meet the intent and causation elements of their claims, Plaintiffs would have to disprove the findings of FERC that the Toledo Bend Project actually prevented flooding and that the addition of flood control measures would be against the public interest. SRA-Texas also seemingly argues that Plaintiffs' claim will fail because SRA-Texas was following the terms of the FERC license. Essentially, SRA-Texas argues that Plaintiffs necessarily must engage in an impermissible collateral attack on the findings and conclusions FERC made while regulating the Toledo Bend Project in order to succeed on their claims. According to SRA-Texas, this would incidentally raise important federal issues regarding the extent of FERC's regulatory jurisdiction as well as potentially threaten the important goals expressed in the FPA of efficiently regulating energy production across state lines. SRA-Texas

asserts this could also threaten the life of the Toledo Bend Project by subjecting Defendants to extensive liability that could potentially bankrupt the project.

None of these arguments are elements of Plaintiffs' claims. These arguments are *defenses* raised by SRA-Texas. A defense is defined as the "defendant's stated reason why the plaintiff or prosecutor has no valid case; esp., a defendant's answer, denial, or plea." *Defense*, BLACK'S LAW DICTIONARY (9th ed. 2009). It is well settled that, under the well-pleaded complaint rule, actual or anticipated defenses to a claim cannot be the basis for federal question jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60, 129 S. Ct. 1262, 1272 (2009). Federal law and FERC's actions are only at issue in this case because SRA-Texas wishes to rely on them to negate Plaintiffs' claims. While federal law may be dispositive of Plaintiffs' claims, it is in no way a necessary element of Plaintiffs' claims.

For this reason, SRA-Texas's reliance on *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing* is misplaced. 125 S. Ct. 2363, 545 U.S. 308 (2005). The analysis in *Grable & Sons* only applies when a necessary element of Plaintiffs' claim is based on federal law. For instance, in *Grable & Sons*, the plaintiff brought an action to quiet title in state court arguing that the current holder of the property's title was invalid because the IRS had failed to provide plaintiff with proper notice under 26 U.S.C. § 6335(a). *Id.* at 2366. The plaintiff had based his entire claim on a violation of § 6335(a), and therefore an analysis of how substantial the federal interest in that claim was appropriate. *Id.* at 2366. All the cases cited by SRA-Texas follow this same basic script: the plaintiff pleads a claim with a necessary element based in federal law.

Plaintiffs have not based their claims on federal law. They have not made any claims based on violations of the FERC license or violations under the FPA. They have not brought a

constitutional takings claim under the United States Constitution. Nothing in Plaintiffs' petitions suggests that their claims are in anyway based in federal law.

Nor does the fact that Plaintiffs may bring federal claims later on vest the court with jurisdiction at this time. Every time Plaintiffs stated that they are not bringing federal claims, Plaintiffs follow that statement with an ominous "(yet)." Just because Plaintiffs have left open the possibility of later bringing federal claims does not mean this court may exercise jurisdiction over Plaintiffs' current state claims.

Further, all the federal issues identified by SRA-Texas are largely subsumed within its preemption defense, which SRA-Texas has already raised in its Motion to Dismiss (DOC. # 6). Usually, a preemption defense is not enough to grant federal question jurisdiction. *Elam*, 635 F.3d at 803. An exception to this rule is the "complete preemption doctrine." *Id.* "Complete preemption" occurs when Congress "so completely preempt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Gutierrez v. Flores*, 545 F.3d 248, 252 (5th Cir. 2008) (quoting *Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir. 2000)). "[C]omplete preemption is a 'narrow' exception to the well-pleaded complaint rule." *Elam*, 635 F.3d at 803.

SRA-Texas has not directly argued that the FPA completely preempts all state law claims. The Fifth Circuit has not addressed this issue but most other courts have concluded in other contexts that the FPA does not completely preempt state law. *See Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 894–97 (7th Cir. 2013) (collecting cases). SRA-Texas has not pointed to any legislative history or cited to any portion of the FPA, and the court cannot find any, that would lead the court to conclude that complete preemption exists.

6

The court concludes that, at this time, federal question jurisdiction does not exist over Plaintiffs' claims. The court therefore does not address Plaintiffs' other arguments for remand.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Leave to File Reply/Response that Exceeds Page Limitations (DOC. # 20) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Remand (DOC. # 7) is GRANTED.

The Clerk is directed to remand this case to the 163rd District Court of Orange County, Texas.

**So Ordered and Signed**
**Sep 11, 2016**

_____
Ron Clark, United States District Judge